**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**THOMAS SCHULTZ,**

        **Plaintiff,**

**v.**                                       **Case No: 6:23-cv-1343-CEM-DCI**

**CITIBANK, N.A.,**

        **Defendant.**

---

## ORDER

Before the Court are four filings by the *pro se* Plaintiff, three of which have titles describing them as "unopposed" motions filed pursuant to Local Rule 1.06(c) (Docs. 15, 16, and 17) and one of which is a motion for Clerk's default (Doc. 19).

In the first three motions, Plaintiff references Local Rule 1.06(c) and several motions that may have been filed in the underlying state court action that Plaintiff references as removed to this Court. *See* Docs. 15, 16, and 17. There are several issues with these motions, any of which result in the motions being denied or stricken. First, the motions are improperly designated as "unopposed"—Defendant has not appeared in this case, so there is no indication that the motions could properly be designated as unopposed. Second, Local Rule 1.06(c) applies to cases involving the removal of a state court action. As has been noted previously by the Court, this is not a removal action. Plaintiff filed a complaint and initiated a new action. As such, Local Rule 1.06(c) does not apply to this action. If Plaintiff seeks to remove a state court action, he must follow the applicable law in relation to removal. Third, the motions all fail to comply with Local Rule 3.01(a), as they contain no memorandum of law supporting the relief requested. Instead, each motion consists primarily of long recitations of factual and procedural histories detailing Plaintiff's

dissatisfaction with Defendant and Plaintiff's state court litigation with Defendant, none of which provides a legal basis for relief here. Finally, the Court has dismissed the Complaint, so to the extent the motions rely upon the existence of an operative complaint and the allegations included in such a pleading, none now exists.

As to the motion for clerk's default (Doc. 19), there is no indication in the record that Defendant has been served in this case pursuant to Federal Rule of Civil Procedure 4, so there is no basis for a clerk's default. Further, the Complaint has been dismissed. Even if an amended complaint is filed in this case, Plaintiff is cautioned that the Court must dismiss this case if Plaintiff fails to serve process with 90 days of the filing of this case, i.e., 90 days from July 18, 2023. Fed.R.Civ.P. 4(m).

Accordingly, the motions (Docs. 15, 16, 17, 19) are **DENIED**.

**ORDERED** in Orlando, Florida on August 17, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties