UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO: 6:23-CV-01343-CEM-DCI

THOMAS SCHULTZ,   Pro Se (non-attorney) Plaintiff,

V.

CITIBANK, N.A.,   Defendant.
_____/

## MOTION FOR DEFAULT JUGMENT WITH INCORPORATED AFFIDAVIT OF PLAINTIFF THOMAS SCHULTZ IN SUPPORT OF HIS MOTION FOR A DEFAULT JUDGMENT AGAINST DEFENDANT CITIBANK, N.A.

I, Thomas Schultz, declare under the penalty of perjury that the following facts establishing grounds for the entry of a Final Default Judgment are true and correct to the best of my information and belief:

I am the plaintiff in this action.   I filed this case on July 18, 2023 by filing a Complaint-Petition to Compel Private Arbitration-Notice Of Removal Of State Court Actions (the "Complaint") (DK # 1) consisting of approximately 241 pages including text of 91 pages with exhibits and the summons (DK # 2). The paper 241 page Complaint including the Notice of Removal, Notice of Filing Notice of Removal and Summons was electronically scanned and filed by the state court clerk's office into each of the 3 state court cases at 7:43am on July 19, 2023 and electronically deemed served via the e-filing portal (myeclerk.myorangeclerk.com) at such time on Citibank, N.A. (Citibank) pursuant to the state court participation agreement to electronically send and accept service by Citibank's Lead Attorney Flynn LaVrar.   Therefore,

/

Citibank received 3 separate electronic filings and service via the e-filing portal upon its counsel on July 19, 2023 at 7;43am proving service 3 separate times of the 241 page Complaint, Summons, etc..   A paper copy of the 241 page Complaint and Summons was also mailed on July 19, 2023 to Citibank's lead counsel of record Flynn LaVrar and delivered and received on July 21, 2023 as additional service upon Citibank's counsel of record. A certificate of service was filed on August 3, 2023 (DK # 12) documenting the agreed e-filing portal and electronic service of documents on July 19, 2023 including docket sheets of each of the 3 state court cases showing the 241 page docketed pleadings, USPS mailing of July 19, 2023 and receipt, and the contempt of court for continuing a state court case on July 27, 2023 after removal (DK # 12; EXHIBIT 102-1 thru 102-5 "The Court took No Action as case has been removed to Federal Court" with service upon Citibank on "FLYNN LAVRAR Esquire, Lead **Via Portal**" Exhibit 102-5).   Thus, service VIA PORTAL of documents is proper due to Flynn LaVrar's agreement to accept service via the online state court portal. Despite having notice of this federal case and illegally appearing at the state court hearing by Citibank attorney, Yadirah Rodriguez, before Magistrate Sara Chalkly on 7/27/2023, Citibank, by attorney Judi Hayes, again appeared before Magistrate Chalkly on 8/11/2023 who **again** ruled (See EXHIBIT A, attached hereto): "**No action taken.   Case has been removed to Federal Court.**" Obviously, Citibank was served and had actual knowledge about this case but it failed to file any pleading whatsoever in this case, rather it tried to obtain a state court default judgment against Schultz on 7/27 and 8/11 by illegally continuing the case in state court knowing that appearance was prohibited. Good Cause exists to punish lead counsel Flynn LaVrar, including granting this instant motion or denying any attempts to make a late answer. Moreover Citibank's counsel received numerous documents regarding the existence of this case (DK

2

# 1, 2, 7, 8, 9, 10, 11, 12, 14, 15, 16, 17 …) . Furthermore, Schultz conferred with counsel for Citibank on 7/28/2023 as required by the Local Rules before re-filing pending state court actions as documented in each motion which clearly advised Citibank of the pendency of this action.   Accordingly, **the Summons and Complaint was served upon defendant Citibank on July 19, 2023 and no response or any pleading of any kind has been served nor filed as of 8/15/2023 within the time allowed by law nor has the defendant sought additional time within which to respond, and on 8/15/2023 Schultz filed (1) an Affidavit in Support of Request for Entry of Default, (2) Request for Entry of Default, and (3) proposed Entry of Default required to be entered by the Clerk as provided in Rule 55(a), Federal Rules of Civil Procedure.** The entire record in this case documents that that Citibank and its counsel violated the FCRA and was barred from litigation due to Schultz's written demands to resolve disputes via the arbitration agreement designating arbitrability to an arbitrator not a court or judge.   However, Citibank wrongfully sued Schultz in 3 state court case and never served Schultz, mandating dismissal, but despite numerous state court filings by Schultz and Motions to Compel Private Arbitration, again Citibank remained silent and never filed any further pleading after filing its actions or opposed any motion by Schultz. Not only has Citibank abandoned its state court cases by failing to file another pleading after filing but it likewise, failed to respond to this federal Complaint and Schultz's RE-FILED Motions (DK # 1, 2, 11, 15, 16, 17…) and the time to do so has expired. , The entire record, including the FCRA violations, demonstrates that Citibank does not follow rules and statutes which this Court must consider in determining punitive and statutory damages. Judge Mendoza, in his March 8, 2023 Order in *Sanchez v. Hobby Lobby Stores*, case No: 6:21-cv-2150-CEM-LHP wrote:

3

> "Plaintiff did not file a response to Defendant's Motion. When a party fails to respond, that is an indication that the motion is unopposed. (citations omitted) (after a party failed to respond, the court treated motion for summary judgment as unopposed). Therefore, the Court proceeds on the basis that Motion is unopposed. (citations omitted). ("A plaintiff that fails to address a claim challenged by a defendant does so at its peril, both because the Court may not detect defects in the defendant's position… and because…the Court will not on its own raise arguments to counter the defendant's case.")."

Schultz now asks this Court to decide on the amount of statutory FCRA damages and punitive damages and other relief sought in the Complaint to award Schultz against Citibank in this Motion for a Default Judgment.

**<u>WILLFUL DEEMED FCRA VIOLATIONS FOR REPORTING FACIALLY FALSE DATA TO EQUIFAX, EXPERIAN AND TRANS UNION THAT THE "DATE OF FIRST DELINQUENCY" ON EACH OF THE 7 CITIBANK ACCOUNTS WAS EITHER 7/2022 OR 8/2022 DESPITE INCONSISTENCIES ON CREDIT REPORTS THAT EACH ACCOUNT WAS CURRENT THRU 11/2022 AS FURTHER EVIDENCED BY CANCELLED CHECKS AND CITIBANK'S STATEMENTS FROM 07/2022 THRU 11/2022 IN THE RECORD PROVIDED BY CITIBANK TO THE CFPB AND SCHULTZ IN THE CFPB PORTAL</u>**

**<u>AND</u>**

**<u>WILLFUL FCRA VIOLATIONS FOR FAILING TO TIMELY AND PERMANENTLY REPORT TO EVERY CREDIT REPORTING AGENCY THAT EACH OF THE 7 ACCOUNTS ARE DISPUTED, CLOSED, AFFECTED BY A DECLARED NATURAL DISASTER WITH COMPLETE AND ACCURATE DATA</u>**

Pages 73 to 80 of the Complaint (DK # 1) set forth at length the history of the factual and statutory basis for the above claims, supplementing pages 3 and 4 of the Complaint regarding jurisdiction for FCRA claims. Pages 78 to 80 of the Complaint deal exclusively with the "CFPB's 10/26/2022 Facially False Data

4

advisory opinion of Director Rohit Chopra" (DK # 1; Exhibits 102-22 to 102-28) which states:

> "...The Date of First Delinquency provided by a furnisher must reflect the month and year on which the delinquency being reported commenced ...Similarly, **a Date of First Delinquency reflected on a report where a consumer is not in fact delinquent** [such as in this Citibank case] could cause a user to inaccurately believe that the consumer is delinquent. Examples of an illogical Date of First Delinquency may include: **A Date of First Delinquency reported for an account whose records reflect no delinquency, such as through activity reflecting a current account (complete history of timely payments, $0 amount overdue) or through a current account status code**[such as in this Citibank case]... Section 616 provides that "any person who *willfully* fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to "actual or **statutory damages of up to $1,000 per violation, such punitive damages as the court allows**, and costs and reasonable attorney's fees. **A violation is willful when it is inconsistent with "authoritive guidance" from a relevant agency.**"

At the top of page 78 of the Complaint, Schultz wrote: "**Citibank also has failed in its Duty to provide the mandatory accurate Date of the First Delinquency, probably the most important data entry in credit reporting as evidenced by Director Rohit Chopra's 10/26/2022 warning about Facially False Data** and **such violations would be considered WILLFUL FCRA violations without defenses of any kind**." Starting at the bottom of page 80 of the Complaint "Schultz attached EXHIBIT 102-1 thru 102-18 which clearly disclosed that Citibank reported to Experian, Equifax and Trans Union which stated on Schultz's credit reports over almost a one year period that the Date of First Delinquency was either 7/2022 or 8/2022 despite the inconsistencies and fact that Schultz was not delinquent as Citibank statements provided in EXHIBIT 101 proved there was not a delinquency and Citibank was writing

5

automatic drafts (also see EXHIBIT 101) on Schultz's checking account thru October 2022 and reporting payments to every CRA and reducing balance data. While the Facially False Data should have been known and corrected, Citibank willfully reported the inaccurate Date of First Delinquency as 7/2022 and 8/2022 knowing it would destroy Schultz's perfect payment record. The takeaway from the CFPB advisory opinion is that **Citibank's violation is WILLFUL as it is inconsistent with the CFPB advisory opinion dated 10/26/2022**. Therefore, Citibank's violations are ALL WILLFUL and there is absolutely no possible defense to Schultz's claims for multiple WILLFUL FCRA violations. The Facially False Data warnings and obligations also apply to the reporting of a DISPUTE and CLOSED accounts and dates, since once DISPUTED and CLOSED and locked into a file, accounts must be permanently listed as such since a locked entry cannot be overridden by either a CRA or a furnisher if required controls existed. Thus, every one of the 100 times Citibank removed either the DISPUTE designation and correct CLOSED designation, Citibank willfully violated the FCRA. Applying **Saunders** [v. Branch Banking, 526 F.3d 142 (4th Cir. 2008) awarding $1,000 in statutory damages and $80,000 in punitive damages for FCRA violations for failing to report the ongoing dispute] is easy. Citibank should expect punitive damages to be in the millions of dollars... Since following the **Saunders** jury decision invalidated payment claims due to the FCRA violations, Schultz owes Citibank $0 and Schultz was never late, mandating deletion of Citibank's accounts from every CRA and imposing liability for willful FCRA violations.... Schultz's 11/21/2022 18 page letter with 28 exhibit [Complaint DK # 1; pages 5 thru 28 contained DISPUTES to Citibank, CFPB, Equifax, Experian and Trans Union via certified mail RRR]... Citibank never reported any of my accounts as disputed on credit reports and the 5 day deadline expired months ago...The

11/21/2022 letter clearly put Citibank on Notice that it had violated the FCRA for failing to report the 7 accounts as disputed in willful violation of the FCRA providing punitive damages following **Saunders** (7 times $80,000= $560,000). Citibank continued to fail to permanently report the dispute status on Schultz's credit report even after being notified by every CRA. ... Citibank was given multiple notices to comply with the FCRA obligations but it refused subjecting Citibank to punitive damages in the millions of dollars following **Saunders**.... "

In addition to the 91 page Complaint with Exhibits for a total of about 241 pages documenting the facts, Schultz filed DK 7, 8 & 9, between 7/26-7/28/2023, the First, Second and Third Statement of Undisputed Material Facts for multiple purposes now including this Motion for a Default Judgment. The Third Statement [DK # 9 filed 7/28/2023] included 19 statements with 19 Exhibits regarding 19 credit card statements from 07/2022 thru next payment due periods into November 2022 disclosing Schultz was current with all 7 credit card accounts and never late thru November 2022. In Schultz's declaration for DK # 9, it was noted that the source of each of the 19 credit card statements was printed on 1/27/2023 by Citibank and provided by Citibank to the CFPB and Schultz in response to one of the numerous CFPB complaints filed by Schultz as set forth DK # 14, filed 8/7/2023 for Schultz's Notice of Pendency of Other Actions, including disclosed multiple CFPB complaints. As evidenced from DK # 14, Schultz filed multiple disputes directly with Citibank and directly with Equifax, Experian and Trans Union (required to be forwarded to Citibank for investigation) both in writing on 11/21/2022 and via the CFPB portal. More importantly, the latest CFPB complaints attached to DK # 14 again complained about the continued reporting on 6/26/2023 to every CRA of Facially False Data regarding the inaccurate and inconsistent Date of

First Delinquency of 7/2022 or 8/2022 on Schultz's 7 Citibank accounts. As stated in detail in DK # 14, Schultz received notice from the CFPB that Citibank claimed that the Complaints regarding 6/26/2023 credit reports "Dates of First Delinquency" was the same, identical and duplicate of 3 previous complaints going back to January 21, 2023 CFPB file # 230121-10191810. This is important as it confirms and certifies in filings with federal authorities, the CFPB, that Schultz has filed numerous complaints with the CFPB directly to Citibank and also directly to Equifax, Experian and Trans Union, going back to at least 1/21/2023 about Citibank's Facially False Data and inconsistent data reporting the Date of First Delinquency inaccurately as 7/2022 or 8/2022 as Schultz was not late as evidenced from canceled checks, credit card statements and entries on credit reports showing current payment status thru December 2022 for all 7 Citibank accounts.   DK # 7, filed 7/26/2023, is the First "Statement of Undisputed Material Facts…" which documents 49 statements of material facts including all of the 7 accounts reported to Experian, Equifax and Trans Union regarding the inaccurate Dates of First Delinquency of 7/2022 or 8/2022.   The Second "Statement of Undisputed Material Facts…" DK # 8, filed 7/27/2023, involves the Second Statement of Undisputed Material Facts including numerous other points, especially failure to permanently include the DISPUTE and CLOSED status of accounts resulting in hundreds of entries removing DISPUTE and CLOSED status until the next CFPB complaint would temporarily fix the mandatory filing. While Courts have found that a 9 fold multiple on $1,000 statutory damages or $9,000 for punitive damages or $10,000 per willful violation are constitutional and appropriate, the **Saunders** court and jury determined that an 80 fold multiple or $80,000 punitive damages on top of $1,000 in statutory damages was appropriate and constitutional. Citibank's conduct is 100 times more serious than the **Saunders** case due the

multiple bad faith and willful wrongdoing by Citibank. Schultz asks for $1,000 in statutory damages for each and every willful violation for each and every month the violation continued or reoccurred for each and every one of the 7 Citibank accounts for each and every one of the 3 credit reporting agencies plus a multiple of between 9 and 80 applied on top for punitive damages and costs plus other appropriate relief including deletion of all Citibank accounts from every CRA plus other relief set forth in the Complaint.   Specifically, Schultz computes such damages as follows:

Willful FCRA Facially False Date Violation Damages for inaccurately and inconsistently reporting the Date of First Delinquency as 07/2022 or 08/2022 for 7 Citibank Accounts times 3 CRA's or 21 separate and distinct monthly violations for 10+ months or 210 separate and distinct violations at $1,000 statutory damages per violation or $210,000 for statutory damages plus 9 fold punitive damages of $1,890,000 at the lowest range or 80 fold punitive damages of $16,800,000 at the higher **Saunders** range.

Willful FCRA Violation Damages for failing to timely and permanently reporting DISPUTE, CLOSED and affected by a declared natural disaster for 7 Citibank Accounts times 3 CRA's or 21 separate and distinct monthly violations for 10+ months or 210 separate and distinct violations at $1,000 statutory damages per violation or $210,000 for statutory damages plus 9 fold punitive damages of $1,890,000 at the lowest range or 80 fold punitive damages of $16,800,000 at the higher **Saunders** range.

## WILLFUL FCRA VIOLATION FOR UNLAWFULLY OBTAINING SCHULTZ'S CREDIT REPORT FOR AN IMPROPER PURPOSE WITHOUT THE PROPER CERTIFICATION AND UNDER FALSE PRETENSES

9

Schultz's Complaint (DK # 1; pages 65 to 72) documents that Citibank and its counsel RAS LAVRAR on 4 occasions on 5/17/23, 5/30/23 and 6/23/23 (3 days after Schultz's 6/20/23 Motions to Compel Arbitration) pulled Schultz's Experian and Equifax credit report in violation of 2 separate provisions of the FCRA for (1) an improper purpose without the proper certification and (2) under false pretenses subjecting Citibank to liability, a crime and a private right of action for enforcement in this Court. 15 U.S.C. §§ 1681q, n & o.   Schultz claims he is entitled to statutory willful FCRA violations of $1,000 for each of the 4 illegal accesses along with at least 2 additional accesses in July 2023 documented in the record for illegal access or $6,000 [6 times $1,000] plus 9-80 fold punitive damages of between $54,000 and $480,000 for the alleged misconduct.

WHEREFORE, Pro Se Plaintiff, Thomas Schultz, respectfully requests that this Court enter a default judgment in his favor and against Citibank and award damages including:

(1) Statutory Willful FCRA Facially False Date Violation Damages for inaccurately and inconsistently reporting the Date of First Delinquency as 07/2022 or 08/2022 for 7 Citibank Accounts times 3 CRA's or 21 separate and distinct monthly violations for 10+ months or 210 separate and distinct violations at $1,000 statutory damages per violation or $210,000 for statutory damages plus 9 fold punitive damages of $1,890,000 at the lowest range or 80 fold punitive damages of $16,800,000 at the higher **Saunders** range, pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

(2) Statutory Willful FCRA Violation Damages for failing to timely and permanently reporting DISPUTE, CLOSED and affected by a declared natural disaster for 7 Citibank Accounts times 3 CRA's or 21 separate and distinct monthly violations for 10+ months or 210 separate and distinct violations at

$1,000 statutory damages per violation or $210,000 for statutory damages plus 9 fold punitive damages of $1,890,000 at the lowest range or 80 fold punitive damages of $16,800,000 at the higher **Saunders** range, pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

(3) Statutory willful FCRA violations of $1,000 for each of the 4 illegal accesses to Schultz's credit reports along with at least 2 additional accesses in July 2023 documented in the record for illegal access or $6,000 [6 times $1,000] plus 9-80 fold punitive damages of between $54,000 and $480,000 for the alleged misconduct, pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; Attorney's fees and costs pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

(4) An order temporarily and permanently enjoining Citibank, its agents, employees, assigns, attorneys or otherwise from directly or indirectly accessing Schultz's credit reports in the future;

(5) An order directing Citibank and/or its assigns to permanently delete every Citibank account from every credit reporting agency file for Schultz and further permanently enjoining Citibank and/or assigns from any further reporting on Schultz's credit reports;

(6) An order temporarily and permanently enjoining Citibank, its agents, employees, assigns, attorneys or otherwise from directly or indirectly filing, appearing in or continuing lawsuits against Schultz in any state court;

(7) An order directing that no other court remedy exists for any of Citibank's claims and Citibank must submit within 30 days any and all claims, to the extent that any claims have not been extinguished by this order, promptly to binding private arbitration with the AAA with separate individual claims for each of the 7 accounts to separate arbitrators and pay 100% of the AAA filing fees in each case

promptly as they become due and failure to comply shall deem any such claims null, void and uncollectible;

(8) An order declaring each of every 7 Citibank's account claims null and void and uncollectible due to willful bad faith FCRA actions, under **Saunders**, set forth herein;

(9) An order directing that this Court, and no other state or federal court, will retain exclusive jurisdiction to enforce or consider enforcement of any final award issued by the AAA regarding arbitration of Citibank's 7 accounts;

(10) An order directing counsel for Citibank, at its own expense, to file, on its own without help of Schultz in any way, any and all papers and pleadings to effectuate, within 30 days, the prompt and permanent SEALING of the entire record, including public access search and blocking, of any state court case filed against Schultz by Citibank and failure to submit proof of sealing state court cases to this Court, within 30 days, shall result in fines for Contempt for $1,000 per day for each account that has not been proven sealed, payable Schultz as the aggrieved party.

(11) Any other relief that this Court deems appropriate and just under the circumstances.

Thomas Schultz, Pro Se Plaintiff
8919 Heritage Bay Circle
Orlando, Florida   32836

Sworn to before me this
17th day of August, 2023

Notary Public   FC DL Provided

12

JOSE R SOTO MARTINEZ
Notary Public - State of Florida
Commission # GG 967394
My Comm. Expires Mar 9, 2024

**Certificate of Service by HAND DELIVERY to Clerk's Office and First Class USPS Mailing to Counsel for Citibank**

I, Thomas Schultz, certify that a true and correct copy of the foregoing has been hand delivered to the Office of the Clerk on August 18, 2023 and was furnished by first class U.S. Mail to counsel for Citibank on August 18, 2023 to:

--Office of the Clerk of the United States District Court
George C. Young US Courthouse
401 West Central Boulevard, Suite 1200
Orlando, Florida 32801-0120

--Lead Attorneys Drew Richard Linen, Esq. and Flynn LaVrar, Esq., Law Office of RAS LaVrar, LLC at 1133 S. University Drive, 2nd Floor Plantation, FL 33324. (Attorneys for Defendant - Citibank, N.A.)

_____ dated: August 18, 2023
Thomas Schultz, Pro Se (non-attorney) Plaintiff
8919 Heritage Bay Circle
Orlando, Florida   32836